# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CANDLER, | No. 2:15-CV-0969-TLN-CMK-P |
|     Plaintiff, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| MILES STAINER, et al., | |
|     Defendants. | |
| _____/ | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Miles Stainer; Clark Kelso; J. Macomber; S. Delgado; J. Haque; Swartz; Hewette; the California Department of Corrections and Rehabilitation, and California State Prison – Sacramento.  Plaintiff states that he has been attempting to receive adequate mental health care since entering the prison system.  Plaintiff alleges that "defendants J. Macomber, Miles Stainer, and C Kelso deliberately refused to provide plaintiff with adequate mental health treatment when they knew or should have known that plaintiff needed it."  Plaintiff also states that he smokes marijuana and masturbates to relieve his mental health symptoms but, rather than providing him mental health treatment, he has "been written up" for this behavior.  Though plaintiff states that he was sent to a "crisis bed" after feeling suicidal, he was not given adequate mental health treatment of follow-up care by defendant Delgado, a prison mental health provider.  According to plaintiff, defendant Delgado informed him that "she was not working here to help plaintiff but to only get paid."

Next, plaintiff alleges that he "received medical documents that shows" defendants Delgado, Haque, and Swartz "denied plaintiff adequate mental health care."  Plaintiff adds that "these defendants also forged and/or doctored plaintiff mental health file in order to make it seem like plaintiff was receiving proper mental health care stemming from the 7-26-13 suicidal incident."

Plaintiff's claims that defendant Hewette was his clinician and "refused to talk with plaintiff for more than ten minutes during our meetings." In particular, plaintiff states that, on one occasion, he asked to be placed in a program to help him with his "indecent exposure issues," but that defendant Hewette said that she would not "carry on with that conversation with plaintiff." According to plaintiff, defendant Hewette "also refused my request for a higher level of care and would not allow me to attend my IDTT (medical hearing) which I had a right to attend."

Plaintiff claims that defendants Stainer, Kelso, and Macomber are liable for failing to properly train subordinates and ensure that he is being provided necessary mental health treatment.

## II.  DISCUSSION

Plaintiff's complaint suffers from a number of defects, each discussed below.

**A.     Defendants Stainer, Kelso, and Macomber**

Plaintiff claims that defendants Stainer, Kelso, and Macomber are liable for failing to properly train and supervise subordinates. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly

participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 129 S.Ct. at 1948.

Because plaintiff has not alleged how the supervisory defendants' personal conduct caused or contributed to a constitutional violation, he fails to state any claims against these defendants.

**B.     Defendants CDCR and CSP-Sacramento**

Plaintiff names the California Department of Corrections and Rehabilitation and California State Prison – Sacramento as defendants.  The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

These defendants are immune from suit.

/ / /

/ / /

      C.    **Defendant Hewette**

Plaintiff's claims that defendant Hewette, who was his therapist, "refused to talk with plaintiff for more than ten minutes during our meetings." In particular, plaintiff states that, on one occasion, he asked to be placed in a program to help him with his "indecent exposure issues," but that defendant Hewette said that she would not "carry on with that conversation with plaintiff." According to plaintiff, defendant Hewette "also refused my request for a higher level of care and would not allow me to attend my IDTT (medical hearing) which I had a right to attend."

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is

sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

In this case, plaintiff has not alleged facts indicating how the alleged denial of treatment could result in further significant injury or the unnecessary and wanton infliction of pain. Moreover, the facts alleged establish that plaintiff was in fact provided therapeutic treatment by defendant Hewette. Plaintiff's difference of opinion as to the proper course of such

treatment does not establish a constitutional claim.

### D. Defendants Delgado, Haque, and Swartz

Plaintiff alleges that defendants Delgado, Haque, and Swartz "denied plaintiff adequate mental health care." Plaintiff adds that "these defendants also forged and/or doctored plaintiff mental health file in order to make it seem like plaintiff was receiving proper mental health care stemming from the 7-26-13 suicidal incident."

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

Here, by claiming that defendants Delgado, Haque, and Swartz "denied plaintiff adequate medical care," plaintiff has alleged facts which are conclusory and merely consistent with liability. Plaintiff's further allegations that documents were forged or manipulated – which are not specific to any of these three defendants – do not reasonably allow for an inference of liability.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

7

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 10, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE