**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEITH CANDLER,<br><br>  Plaintiff,<br><br>  v.<br><br>MILES STAINER, et al.,<br><br>  Defendants. | No. 2:15-cv-00969-TLN-CMK<br><br>ORDER |

Plaintiff, a prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 5, 2015. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On January 10, 2017, the Magistrate Judge filed findings and recommendations recommending that the Court dismiss Plaintiff's claim without leave to amend. (ECF No. 11 at 8.) Plaintiff timely filed objections on January 18, 2017. (ECF No. 12.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this Court has conducted a de novo review of this case. For the reasons detailed below, the Court adopts in part the findings and recommendations and dismisses Plaintiff's Complaint. The Court, however, grants Plaintiff leave to amend his Complaint because the Court does not agree that it is impossible for Plaintiff to cure the deficiencies in his Complaint.

////

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that two state agencies and several individuals have not provided adequate medical care for his mental illnesses or not provided care at all.  (ECF No. 1 at 3-4, 8.)

Plaintiff alleges that some named Defendants "knew or should have known" that Plaintiff required further mental health services and that they "deliberately" refused to provide it.  (ECF No. 1 at 5, 8.)  Plaintiff also alleges that these Defendants are liable for failure to properly train and supervise their subordinates.  (ECF No. 1 at 5, 8.)

Plaintiff alleges that Defendant doctor met with him for only 10 minutes per appointment and refused to discuss entering him into a program Plaintiff wished to attend.  (ECF No. 1 at 7.)  Plaintiff also alleges that the Defendant doctor refused his requests for a "higher level of care" and to attend a medical hearing that Plaintiff states he was "entitled" to attend.  (ECF No. 1 at 7.)

Plaintiff alleges that he has "received documents" documenting that other named Defendants "denied plaintiff adequate mental health care."  (ECF No. 1 at 6.)  Plaintiff alleges that "these defendants also forged and/or doctored" his medical records to indicate that he received proper medical care.  (ECF No. 1 at 6.)  Plaintiff attaches as Exhibit D five pages that he labels "Proof of Falsified mental Health Records."  *Id*. at 31-37.  Plaintiff alleges that one Defendant forced him to wear tight restraints during out of cell meetings.  (ECF No. 1 at 6.)

The Magistrate Judge found that Plaintiff has not yet pled sufficient facts in his Complaint to give Defendants the required fair notice of the claims against them and the grounds on which those claims rest.  The Magistrate Judge found that Plaintiff, therefore, could not proceed beyond the screening stage and his Complaint should be dismissed.  (ECF No. 11 at 8); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  This Court agrees and adopts the portion of the findings and recommendations which dismisses Plaintiff's Complaint.

The Magistrate Judge concluded that Plaintiff is not entitled to leave to amend his Complaint prior to dismissal of the action because it did not appear possible that Plaintiff could cure the deficiencies by amending his Complaint.  (ECF No. 11 at 8.)  This Court is not convinced that it is impossible for Plaintiff to cure the deficiencies.  The Court declines to adopt that portion of the findings and recommendation and grants Plaintiff leave to amend.

## II. STANDARD OF LAW

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity, or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof that: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2).

Federal courts must liberally construe a *pro se* pleading. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "This rule is particularly important in civil rights cases…[B]efore dismissing an action, a court should always be certain that other less drastic alternatives are not available." *Id.* "A district court should grant leave to amend … unless it determines that the pleading could not possibly be cured by the allegation of other facts'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). The court must explain how the plaintiff's complaint is deficient and allow the plaintiff the opportunity to cure those deficiencies. *Lopez*, 203 F.3d at 1130–31.

## III. ANALYSIS

### A. Plaintiff has leave to amend his Complaint.

A court should grant leave to amend "if it appears at all possible that the plaintiff can correct the defect" by alleging other facts. *Lopez v. Smith*, 203 F.3d at 1130–31 (finding a pleading could be cured by naming the correct defendants). This Court is not convinced that it is impossible for Plaintiff to cure the deficiencies in his Complaint by alleging additional facts.

Plaintiff must plead sufficient facts to give Defendants proper notice of the claims against them and the grounds on which they rest. *Twombly*, 550 U.S. at 555. Stating a conclusion is not sufficient. *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. Plaintiff must instead allege facts from which the Court can reasonably infer that any violation occurred.

For example, insofar as Plaintiff asserts a claim for inadequate mental health care, he alleges that he "received medical documents" documenting that Defendants provided inadequate care. (ECF No. 1 at 6.) Plaintiff, however, has either not provided those documents or has not explained how the documents he did file constitute medical documents proving inadequate care.

Furthermore, Plaintiff alleges that Defendants "forged and/or doctored" Plaintiff's medical records to falsely indicate that Plaintiff received proper mental health care following a "suicidal incident." (ECF No. 1 at 6.) Plaintiff attaches as Exhibit D five pages that he labels "Proof of Falsified Mental Health Records." (ECF No. 1 at 31-37.) These pages appear to be routine medical records. Plaintiff has not explained in what way these records are falsified.

Plaintiff asserts claims against the California State Prison – Sacramento and the California Department of Corrections and Rehabilitation. Both Defendants are state agencies. *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993). The Eleventh Amendment proscribes suits in federal court against a state, its agencies, or its departments. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989). These Defendants are immune from this suit and are dismissed with prejudice.

Plaintiff states that he requires discovery. (ECF No. 12 at 3, 4, 6.) As explained above, the Court is required to screen prisoner complaints, 28 U.S.C. § 1915A(a), and dismiss those that are frivolous, fail to state a claim, or seek monetary relief from an immune defendant. 28 U.S.C. §§ 1915A(b)(1), (2). Plaintiff included two immune Defendants in his Complaint and he has not pled sufficient facts to give the remaining Defendants notice of the claims against them and the bases for those claims. *Twombly*, 550 U.S. at 555. Until Plaintiff cures these deficiencies, this action cannot advance beyond the screening stage.

      B.    <u>Plaintiff's amended complaint must be complete in itself.</u>

Under Local Rule 220, Plaintiff's amended complaint must be "complete in itself without reference to the prior…pleading." The Court cannot refer to information in the original Complaint to complete Plaintiff's amended complaint. Local Rule 220. Plaintiff must, in his amended complaint, allege facts that show how the conduct of each named Defendant is connected to each of Plaintiff's claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

4

**IV. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 10, 2017, (ECF No. 11), are adopted in part;
2. Plaintiff's Complaint (ECF No. 1) is dismissed;
3. Defendants California Department of Corrections and Rehabilitation and California State Prison – Sacramento, are dismissed with prejudice;
4. Plaintiff shall file on the docket a completed Notice of Amendment (attached) and a First Amended Complaint within thirty (30) days of this Order;

   Plaintiff's amended complaint must be labeled "First Amended Complaint." Plaintiff's amended complaint must bear the docket number assigned to this case. Plaintiff's amended complaint must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

5. The Clerk of Court is directed to send Plaintiff the following:
   a. A copy of this Order;
   b. A copy of the form used by prisoners for filing civil rights complaints;
   c. A copy of Plaintiff's Complaint (ECF. No 1) and a copy of Plaintiff's Objections (ECF. No. 12);
   d. A copy of the Findings and Recommendations (ECF No. 11);
6. Plaintiff's failure to timely file a First Amended Complaint in accordance with this Order may result in dismissal of this action.

Dated: February 27, 2017

Troy L. Nunley
United States District Judge

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH CANDLER,<br><br>          Plaintiff,<br><br>     v.<br><br>MILES STAINER, et al.,<br><br>          Defendants. | No. 2:15-cv-00969-TLN-CMK<br><br>**NOTICE OF AMENDMENT** |

Plaintiff hereby submits the attached in compliance with the Court's Order filed _____.

_____          First Amended Complaint

_____          _____
Date                                                            Plaintiff